UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| O.A. CARGO, INC., a California Corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>OA CARGO CHICAGO, Inc., an Illinois Corporation, KIM TA, and JACKIE CONLEY,<br><br>      Defendants. | No. 12 C 5763<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff OA Cargo, Inc. ("OA Cargo") has brought this action against Defendants OA Cargo Chicago, Inc., Kim Ta, and Jackie Conley for, *inter alia*, Federal Trademark Infringement under 15 U.S.C. § 1114. On September 18, 2012 Judge Suzanne B. Conlon, N.D.Ill., entered default judgment against Defendants OA Cargo Chicago and Jackie Conley. On October 12, 2012 Judge Conlon entered default judgment against Kim Ta. On January 11, 2013 the matter was reassigned to my Court, [Dkt. #32], and on July 29, 2013, I denied Defendants' motion to vacate the default judgment. Currently before me is Plaintiff's motion for entry of damages pursuant to the default judgment.

15 U.S.C. § 1117(a) affords a district court considerable discretion in awarding damages in such disputes. Plaintiff requests damages in the following amounts:

    (1) Expenses incurred in setting up Defendants' business - $36,826.24
    (2) Franchise fee - $50,000
    (3) Ongoing licensing fees of $8,633.33 per month for 26 months - $224,466.58
    (4) Damages to repair reputation - $39,878.56
    (5) Attorneys' fees and costs - $35,816.47
    (6) Statutory interest

1

Plaintiff also requests treble damages on the amounts listed in items 3 and 4.

I grant Plaintiff's motion as to the expenses incurred in setting up Defendants' business, the franchise fee, and attorneys' fees and costs. I grant Plaintiff's motion as to the ongoing licensing fees, but not for 26 months. Plaintiff asserts that the infringement began in July 2011 and continued through at least September 2013 (totaling 26 months). There is insufficient support in the record for this assertion. Defendants concede that the name at issue was used on Defendants' website as late as November 14, 2012. The damages for ongoing licensing fees will be calculated using that date. Licensing fees for the 16.5 months from July 2011 to November 14, 2012 at $8,633.33 per month total $142,449.95. I deny Plaintiff's motion as to reputation damages as insufficiently supported.

Plaintiff asks that I treble the damages in connection with the ongoing licensing fees in light of Defendants' willful conduct in this matter.[1] Section 1117(a) provides that a court may "enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." There is indeed some evidence of willful conduct in the record. In my view, however, trebling the damages would be excessive. Having considered all of the circumstances of the case, I award an increase in the ongoing licensing fees damages of 25%. 25% of $142,449.95 is $35,612.49, for a total of $178,062.44.

In sum therefore, Plaintiff is awarded $300,705.15 plus statutory interest.

---

[1] Plaintiff also asks that I treble the damages in connection with repairing its reputation, but as noted above, Plaintiff's motion is denied as to these damages.

## CONCLUSION

Final judgment entered for Plaintiff in the amount of $300,705.15 plus statutory interest.

ENTER:

James B. Zagel
United States District Judge

DATE: March 13, 2014